# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/28/2023** at 05:17:41 PM
Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MAGNUM OPUS, LLC and DOES 1 through 10, Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
NANCY TRAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - County of San Diego
Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2023-00012855-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rahul Sethi (SBN 238405) SETHI LAW FIRM Tel: (310) 403-7920
20 N. Raymond Ave., Suite 350
Pasadena CA 91103

DATE: *(Fecha)* 03/29/2023 — Clerk, by *(Secretario)* M. Estrada (signature), M. Estrada, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ other *(specify)*:
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date)*:

NICOLE MEYERS (SBN 327327)
*nicole@nicolemeyerslaw.com*
LAW OFFICE OF NICOLE MEYERS, APC
3415 S. Sepulveda Blvd., Suite 660
Los Angeles, CA 90034
T: (323) 340-0090

RAHUL SETHI (SBN 238405)
*rahulsethi@sethiworks.com*
SETHI LAW FIRM
20 N. Raymond Ave., Suite 350
Pasadena, CA 91103
T: (310) 403-7920

Attorneys for Plaintiff, NANCY TRAN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/28/2023** at 05:17:41 PM
Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

NANCY TRAN,

Plaintiff,

vs.

MAGNUM OPUS, LLC and DOES 1 through 10, Inclusive;

Defendants.

Case No.: 37-2023-00012855-CU-WT-CTL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1. GENDER DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)
2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Plaintiff Nancy Tran hereby alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Nancy Tran ("Tran" or "Plaintiff") is, and at all relevant times mentioned herein was, an individual residing in San Diego County.

2. Defendant Magnum Opus, LLC, ("MO Studio" or "Defendant") is a and at all relevant times mentioned herein was, a limited liability company formed pursuant to California law.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and therefore sue said defendants by those fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

4. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

5. San Diego Superior Court is the proper venue because the claims and injuries occurred in San Diego County.

6. On or about March 29, 2022, Magnum Opus hired Tran as a technical recruiter. At all relevant times mentioned herein, Tran ably and competently performed her job duties. On or about April 25, 2022, Tran had orientation at MO Studio headquarters in Denver, Colorado.

7. On or about May / June 2022, Tran learned MO Studio was gearing up for major new projects going online in September 2022.

8. On or about June 22, 2022, Tran emailed Jen Walters that Tran was pregnant and would have to take maternity leave at some point.

9. On or about July 12, 2022, Tran emailed Walters again stating Tran needed to take maternity leave and had questions regarding MO Studio's maternity leave policies.

10. On or about July 18, 2022, Matthew Perkins, vice-president of corporate development informed Tran she was not eligible for maternity leave benefits but could take personal time off.

11. On or about July 18, 2022, Tran spoke to Perkins and confirmed that Tran would be taking maternity leave starting September 2, 2022 and ending December 27, 2022.

12. On or about July 21, 2022, Travis Hoffman and Perkins told Tran her employment had been terminated because her position had been eliminated.

13. Tran is informed and believes and thereon alleges MO Studios decision to terminate her employment for the unlawful reasons stated herein were made by, authorized by, and ratified by officers, directors and managing agents of MO Studios.

14. Tran has exhausted her administrative remedies by timely filing a complaint of discrimination with the Civil Rights Department and obtaining a corresponding Right-to-Sue notice from the Civil Rights Department.

**FIRST CAUSE OF ACTION**

GENDER DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)

(Against All Defendants)

15. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

16. At all relevant times mentioned herein, Defendants were an employer within the meaning of California's Fair Employment and Housing Act. Plaintiff was an employee covered and protected under the Act.

17. The Act prohibits discrimination on the basis of sex/gender. Government Code § 12926(r)(1)(A) includes pregnancy under the definition of sex/gender.

18. Defendants terminated Plaintiff's employment substantially because she was pregnant.

19. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

20. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendants, and each of them, for their intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All Defendants)

21. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

22. Defendants employed Plaintiff. Defendants terminated Plaintiff's employment substantially because of her pregnancy. Defendant's termination of Plaintiff's employment violated the public policies set forth in California's Fair Employment and Housing Act and the California Constitution.

23. As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

24. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendants, and each of them, for their intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial.
2. For exemplary damages, in an amount to be proven at trial.
3. For statutory attorneys' fees and costs.
4. For declaratory relief.
5. For injunctive relief.
6. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

///

**DEMAND FOR JURY TRIAL**

Plaintiff Nancy Tran hereby demands trial by jury.

Dated: March 28, 2023

LAW OFFICES OF NICOLE MEYERS, APC
SETHI LAW FIRM

By Rahul Sethi
Nicole Meyers
Rahul Sethi
Attorneys for Plaintiff, NANCY TRAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

PLAINTIFF(S) / PETITIONER(S): NANCY TRAN

DEFENDANT(S) / RESPONDENT(S): Magnum Opus LLC

TRAN VS MAGNUM OPUS LLC [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: 37-2023-00012855-CU-WT-CTL |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Timothy Taylor    Department: C-72

**COMPLAINT/PETITION FILED:** 03/28/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/08/2023 | 09:45 am | C-72 | Timothy Taylor |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.